UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 09-385-JBC

CHRISTINE HICKS, ET AL.,                                                PLAINTIFFS,

V.                   MEMORANDUM OPINION AND ORDER

EVAN LINVILLE, ET AL.,                                             DEFENDANTS.

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on various pending motions. Having reviewed the record, the court will grant the motion to amend the complaint and will deny as moot all motions which relate to the original complaint, will construe Defendant Scotty Clark's response to the motion to amend the complaint as a motion to dismiss the amended complaint, and will grant the plaintiffs' motion for oral argument.

Rule 15(a) of the Federal Rules of Civil Procedure provides that a party seeking to amend his or her pleadings after the time allowed for amending as a matter of course may do so "only by leave of court," and that "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Rule 15 reflects the principle that cases should be tried on their merits rather than the technicalities of pleading. *See Champagne v. Equitable Life Assurance Co.,* 849 F.2d 608, 608 (6th Cir. 1988) (quoting *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986) (citation omitted). Moreover, at least some significant showing of prejudice to the defendant must exist if leave to amend is denied. *See id.* Here, the

defendants have not shown that such prejudice would result.

Although the court will deny Defendant Scotty Clark's motion to dismiss the complaint as moot (R .4), it will construe his response (R. 24) to the motion to amend (R. 14) as a motion to dismiss the amended complaint.  Response and reply times for the construed motion to dismiss will commence on the date of entry of this order, and will run in accordance with the Joint and Local Rules for Eastern and Western Districts of Kentucky.

The motion to dismiss the original complaint, filed by Defendant Boone, is denied as moot.  R. 26.  The plaintiffs' motions to strike (R.31 and R. 37) are therefore also denied as moot.

With respect to the motion for oral argument (R. 38), the court construes the reference to Scotty Clark's motion to dismiss the original complaint (R. 4) as a reference to his construed motion to dismiss the amended complaint (R. 24).  The motion for oral argument is granted to address this particular motion (R. 24), and is otherwise denied.  Accordingly, a hearing will be held on May 12, 2010, at 10:00 a.m. regarding this motion.

Therefore,

**IT IS ORDERED** that the motion for leave to amend the complaint (R. 14) is **GRANTED**.  The amended complaint will be docketed on the date of entry of this order.

**IT IS FURTHER ORDERED** that the motion to dismiss filed by Defendant Scotty Clark (R. 4) is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that the response to the motion to amend filed by Defendant Scotty Clark (R. 24) is construed as a motion to dismiss the amended complaint.  Response and reply times for the construed motion to dismiss will commence on the date of entry of this order and will run in accordance with the Joint and Local Rules for the Eastern and Western Districts of Kentucky.

**IT IS FURTHER ORDERED** that the motion to dismiss filed by Defendant Dylan Boone (R. 26) and the motions to strike (R. 31 and R. 37) are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the motion for oral argument (R. 38) is construed as a motion for a hearing regarding the construed motion to dismiss filed by Scotty Clark (R. .24) and is **GRANTED IN PART AND DENIED IN PART**.  A hearing will be held on May 12, 2010, at 10:00 a.m.

Signed on  February 19, 2010



JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY