UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 09-385-JBC

CHRISTINE HICKS, ET AL., PLAINTIFFS,

V. **MEMORANDUM OPINION AND ORDER**

EVAN LINVILLE, ET AL., DEFENDANTS.

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on intervening plaintiff Shelter Mutual Insurance Company's motion for summary judgment. R. 117. For the reasons below, the court will grant the motion.

This case stems from a car accident which plaintiffs claim was caused by a car race on a public road between two vehicles, one driven by Evan Linville Brandon Jefferson was a passenger in that vehicle. At the time of the accident, Jefferson was covered under a policy issued by Shelter which covered him if he became "legally obligated to pay damages as a result of the ownership or use of . . . a non-owned auto." R. 117-1 at 5. The plaintiffs filed this action against Jefferson, alleging that he was involved in a motor vehicle race in violation of KRS § 189.505; that he discussed, planned, and/or otherwise agreed to the race which caused or contributed to the accident; that he was involved in a joint enterprise that resulted in the accident; and that he acted with reckless disregard for the lives of the plaintiffs. This court granted Shelter's motion to intervene to determine

1

whether the policy it issued to Jefferson covered the claims made against him. As this action is before the court based on diversity jurisdiction, Kentucky law applies. *Hayes v. Equitable Energy Resources Co.*, 266 F.3d 560, 566 (6th Cir. 2001).

Jefferson's policy does not cover the claims made by the plaintiffs against him. *See Nationwide Mut. Ins. Co. v. Nolan*, 10 S.W.3d 129, 131 (Ky.1999). The language of the policy is clear that Jefferson must have physical control or attempt to take physical control of the vehicle in order to trigger coverage. R. 117-5 at 6-7 ("Use" is defined as "operation or maintenance," and "operate" is defined as "physically controlling, having physically controlled, or attempting to physically control, the movements of the vehicle."). The plain meaning of physical control is to directly influence the vehicle with one's body. The plaintiffs concede that Jefferson was not driving the car and do not assert that discovery shows or will show that he attempted to take physical control of the vehicle, *i.e.* grab the steering wheel. Even viewing the facts in a light most favorable to the plaintiffs, Jefferson did not have physical control of the vehicle. The plaintiffs' argument that Jefferson's involvement in planning or coordinating a drag race constitutes physical control of the vehicle is contrary to the plain meaning of the policy. Absent such physical control, the claims made by the plaintiffs against Jefferson are outside the policy.

Shelter is not obligated to provide recovery under the Kentucky Motor Vehicle Reparations Act ("MVRA"), KRS § 304.39-010, *et seq.*, as Jefferson neither owned nor operated the vehicle. The MVRA is directed at "owners,

2

registrants and operators of motor vehicles" to require them to procure insurance and to protect the victims of motor vehicle accidents from disputes regarding coverage between the insured and the insurer. KRS § 304.39.010. *See also National Insurance Assoc. v. Peach*, 926 S.W.2d 859, 861 (Ky.App. 1996). Nothing in the MVRA indicates it was intended to require passengers to carry the same burden of coverage.

No further discovery would alter the conclusion that Shelter does not owe coverage, indemnity or a defense to Jefferson in this case. The plaintiffs have never alleged that Jefferson had physical control over the vehicle. The facts alleged by the plaintiffs must be sufficient to trigger coverage under the policy; here, they are not. *Stone v. Kentucky Farm Bureau Mut. Ins. Co.*, 34 S.W.3d 809, 810 (Ky.App.2000).

Accordingly,

**IT IS ORDERED** that Shelter's motion for summary judgment (R. 117) is **GRANTED**.

Signed on August 23, 2011

JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY