UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 09-385-JBC

CHRISTINE HICKS, ET AL., PLAINTIFFS,

V. **MEMORANDUM OPINION AND ORDER**

EVAN LINVILLE, ET AL., DEFENDANTS.

\* \* \* \* \* \* \* \* \* \*

The matter before the court is defendant Allstate Insurance Company's motion for summary judgment. R.115. For the reasons below, the court will deny the motion.

Charles L. Hicks was killed in an automobile accident on April 24, 2009, while he was a passenger in a car driven by Jerome Hicks. At the time of the accident, Allstate covered Laurence and Lisa Hicks under a personal automobile insurance policy which they purchased and which provided uninsured and underinsured motorist coverage for Charles Hicks while he was a passenger in a non-owned vehicle. The policy limited coverage for bodily injury by uninsured motorists to $100,000 per person and $300,000 per accident. The plaintiff, the Estate of Charles Hicks, asserts that some or all of the defendants are uninsured such that Allstate is obligated to pay the Estate under Allstate's uninsured motorist coverage.

1

The Estate has received two payments from the defendants: the Estate of William R. Hughes paid $21,500[1] under liability coverage through a policy issued by Shelter Mutual Insurance Company insuring Hughes; and Twin City Fire Insurance Company paid $75,000.

Allstate raises several issues in its motion for summary judgment, but the plaintiff concedes the following: that Ohio law applies to this action, that Ohio law mandates that any payment received under a liability insurance policy of an at-fault party is to be set-off against the underinsured/uninsured coverage of the Allstate policy, and that the anti-stacking provision of the Allstate policy is valid and enforceable. The remaining issue in Allstate's motion is whether Ohio law and/or the Allstate policy underinsured/uninsured provision requires a set-off of amounts paid under other underinsured motorist coverage policies (i.e., those which do not cover at-fault parties). Additionally, in its response, the Estate asks this court to determine whether it may recover an additional $5,000.00 from Allstate under the Automobile Medical Payments coverage. Allstate replies by asking this court to find that the complaint does not make any claims under the Automobile Medical Payments coverage and that amending the complaint would be futile.

**I.    Set-off**

The first issue is whether Ohio law mandates a set-off of uninsured/underinsured payments received by the plaintiff against available Allstate underinsured coverage. O.R.C. §3937.18(C) states that "[t]he policy limits of the

---

[1] Allstate's motion states that the Estate has received a payment of $21,250 from the Estate of William Hughes, while the Estate's response corrects that amount to $21,500.

underinsured motorist coverage shall be reduced by those amounts available for payment under all applicable bodily injury liability bonds and insurance policies covering persons liable to the insured." Ohio courts are split in their interpretation of this provision, and the Ohio Supreme Court has not ruled on the issue. This court agrees with those holding that the language of the statute does limit the phrase "insurance policies covering persons liable to the insured," O.R.C. §3937.18(C), to mean "amounts available to the insured under insurance policies *covering* persons liable to the insured." *Wright v. Cincinnati Ins. Co.*, 2003 Ohio 4201, 20 (Ohio App. 2 Dist., 2003). This does not include amounts available from other underinsured motorist providers, because "an insurance company is not covered by a policy, it issues a policy." *Id.*

The second issue is whether the language of the Allstate policy mandates a set-off of other underinsured payments received by the plaintiff. O.R.C. §3937.18(C) does not prohibit policies from including such set-off language. *Savage v. Encompass Insurance Company*, No. 04CA39, 2005 WL 136620 at *4 (Ohio App. 2005) (not reported). The language of the policy which reduces the amounts payable "by all amounts paid by . . . anyone else legally responsible" is ambiguous as to whether it requires a set-off of amounts paid under other underinsured motorist coverage payments. R. 115-3 at 32. The phrase "anyone else legally responsible" could mean a person at fault for the accident or someone who is obligated to make payments on behalf of the tortfeasor. *Lager v. Miller-Gonzalez*, 120 Ohio St. 3d 47, 49 (Ohio, 2008) (citing *King v. Nationwide Ins. Co.*,

35 Ohio St. 3d 208 (Ohio, 1998)). Because the Allstate policy provision is "reasonably susceptible to more than one interpretation," *see Merz v. Motorists Mut. Ins. Co.*, 2007 Ohio 2293, 72-73, (Ohio App. 12 Dist., 2007), it should be construed most favorably toward the insured, the plaintiff. *See Id.* at 73.

## II. Medical Payments Coverage

The plaintiff's amended complaint does not include a claim under the Estate's Automobile Medical Payments coverage. The only claim made against Allstate asserts that Allstate is obligated to pay under the uninsured and underinsured motorist coverage, which is separate from the Automobile Medical Payments coverage. The court declines to address whether a motion to amend the complaint would be granted, as such a motion is not before it.

## III. Conclusion

Ohio law applies and the anti-stacking provision of the Allstate policy is valid and enforceable. Payments by or on behalf of an at-fault party require set-off, under both Ohio law and the terms of the Allstate policy. However, Ohio law does not require set-off of other uninsured/underinsured payments received by the plaintiff against available Allstate underinsured coverage. Also, the language of the Allstate policy does not require set-off of other underinsured/uninsured payments received by the plaintiff because the policy limits set-off to payments from persons at fault for the accident. Accordingly,

**IT IS ORDERED** that the motion for summary judgment (R.115) is **DENIED**.

4

**IT IS FURTHER ORDERED** that the Estate's request to have an order asserting it might recover under the Automobile Medical Payments (R.146) is **DENIED.**

Signed on September 20, 2011

JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY